1  Eugene P. Ramirez (State Bar No. 134865)
   *epr@manningllp.com*

2  Angela M. Powell (State Bar No. 191876)
   *amp@manningllp.com*

3  **MANNING & KASS**
   **ELLROD, RAMIREZ, TRESTER LLP**

4  801 S. Figueroa St, 15th Floor
   Los Angeles, California 90017-3012

5  Telephone: (213) 624-6900
   Facsimile: (213) 624-6999

6

7  Attorneys for Defendants, COUNTY OF
   RIVERSIDE, SERGEANT PAUL
   HERDIA and DEPUTY MIGUEL

8  RAMOS

9                **UNITED STATES DISTRICT COURT**

10               **CENTRAL DISTRICT OF CALIFORNIA**

11

12  JUAN CARLOS RODRIGUEZ                Case No. 5:16-CV-00686-DOC (KKx)
    AYALA, an individual; MONICA

13  RESVALOSO, in both her individual
    capacity and as guardian ad litem for A.   **JOINT STIPULATION FOR**

14  M. RODRIGUEZ-RESVALOSO, a               **ENTRY OF PROTECTIVE ORDER**
    minor; J.C. RODRIGUEZ-                   **RE CONFIDENTIAL DOCUMENTS**

15  RESVALOSO, a minor; J.C.
    RODRIGUEZ-RESVALOSO, a minor;

16  J.P. RODRIGUEZ-RESVALOSO, a
    minor; J.T. RODRIGUEZ-

17  RESVALOSO,  a minor,

18               Plaintiff,

19        v.

20  COUNTY OF RIVERSIDE; a
    municipal corporation; RIVERSIDE

21  COUNTY SHERIFF'S
    DEPARTMENT; and DOES 1 through

22  50, Inclusive,

23               Defendant.

24

25        TO THE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF

26  RECORD:

27        1.    GOOD CAUSE STATEMENT.

28        The parties acknowledge that there are certain types of documents that are

1

conceivably discoverable in this action but whose discovery may be complicated or prohibited by issues of confidentiality, intellectual property, work product protections, or various privileges.   For purposes of this Order, "Confidential Materials" or "Protected Materials" include, but are not limited to the following:

a.    Any and all police reports, including but not limited to, incident and supplemental reports; crime analysis reports; radio communications; 911 calls; autopsy reports;

b.    Any and all police personnel files, including but not limited to, Internal Affairs ("IA") investigation file documents, and comparable official government information;

c.    Third party information in police reports, including but not limited to, incident and supplemental reports; crime analysis reports;

d.    Personal information, including medical and mental health information,

e.    Criminal history information which is not a matter of public record;

f.    Educational and professional information;

g.    Tax and/or financial records; and comparable records that a party typically treats as confidential in the normal course of business or affairs.

2.    In light of the foregoing, the parties further acknowledge that, absent a protective order to limit the use or publication of such documents, in order to preserve the parties' respective interests, the parties might otherwise withhold certain documents from production or disclosure, which can then result in costly discovery disputes potentially requiring Court intervention.

3.    Defendant, COUNTY OF RIVERSIDE ("County"), further contends that: (1) absent a court order thereon, police personnel records – including Internal Affairs investigation files and related complaints, statements, and records – are deemed confidential and preserved from disclosure under California state law (e.g., California Penal Code §§ 832.7 and 832.8; California Evidence Code §§ 1040, 1043, and 1045); and (2) police personnel records are also deemed confidential by federal decisional law

(e.g., Sanchez v. Santa Ana Police Department (9th Cir. 1990) 936 F.2d 1027, 1033-1034). Plaintiffs do not agree with these contentions as stated herein and would move to compel disclosure of any documents withheld on these grounds.

4.      Therefore, in light of the foregoing, the parties agree that certain types of confidential documents and/or information should be the subject of a protective order. Accordingly, the parties, by and through their attorneys of record in this action, hereby stipulate that good cause exists for a protective order in this matter regarding confidential documents and/or information, and the parties respectfully request the procedural protections listed herein below.

5.      By agreeing to designate documents as "confidential," no party is waiving its rights to assert and maintain objections and/or privileges, and by doing so no party is admitting that such materials are subject to discovery or will be produced and/or that such documents are admissible.

6.      The parties agree unprotected disclosure of such information may potentially contribute to adverse pre-trial publicity. Defendant County also raises personal safety and privacy concerns if such information is made available to the public. Accordingly, to expedite the flow of information, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice and each party's ability to receive a fair trial, a protective order for such information is justified in this matter. It is the intent of the parties that such information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Therefore, a protective order is necessary to prevent any party from disclosing the "confidential" information to the traditional media, internet, or "social media" and to limit the dissemination of the material to those with a true need to know.

**STIPULATION FOR PROTECTIVE ORDER.**

7.      Plaintiff and Defendant have agreed that the above-listed documents and any others as determined by the Parties shall be designated confidential documents and/or writings because the Parties believe, in good faith, that some or all of these documents and/or writings are privileged, confidential, private and/or are of a sensitive nature.

8.      The confidentiality of documentation being provided pursuant to this Protective Order will be accomplished by affixing to such document or writing a legend, such as "Confidential," "Confidential Documents," "Confidential Material Subject to Protective Order" or words of similar effect. The documents and writings so designated, and all information derived from those documents (collectively referred as "Confidential Information"), shall be treated in accordance with the terms of this stipulation/protective order. The "Confidential" mark or watermark shall not obscure the writings on the document's legibility and shall not be repeated more than once per page.  The party designating material as confidential must take care to limit any such designation to specific materials that qualifies under appropriate standards, and must designate only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items of communications are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate designation is prohibited, and designations that are shown to be clearly unjustified or that have been made for an improper purpose may expose the designating party to sanctions.  If it comes to the designating party's attention that it has designated materials that do not qualify for designation, the designating party must promptly notify all other parties in writing that it is withdrawing its designation for those materials.

9.      Confidential Information may be used by those receiving such information only for the purpose of this above-captioned litigation.

10.      Subject to the further conditions imposed by this stipulation/protective order, Confidential Information may be disclosed only to the following people:

a.     Counsel for the parties and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

b.     Such other parties as may be agreed by written stipulation among the parties here, or by Court Order;

c.     Court personnel;

d.     The parties themselves, including the officers, directors, and employees, as necessary for the defense or prosecution of this action;

e.     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this action and who have signed the acknowledgement provided for in Paragraph 11;

f.     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

g.     During depositions, witnesses, and attorneys for the witnesses, in the action to whom disclosure is reasonably necessary provided that the deposing party requests that the witness signs the acknowledgement provided in Paragraph 11 prior to providing access to Confidential Material; and

h.     Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

11.     Prior to the disclosure of any Confidential Information to any person described in paragraphs a-h, with the exception of all Court Personnel and employees of counsel for Plaintiff and Defendant, counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this protective order, and shall cause him or her to execute the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing protective order. I have read the stipulation/protective order and agree to be bound by its terms with respect to the handling, use and

1  disclosure of such Confidential Information.

2  Dated: _____/s/ _____" \

3    12.    Nothing in this Order shall affect evidence presented at trial or other

4  court hearings or proceedings.  Any use of Protected Material at trial or other court

5  hearings or proceedings shall be governed by the orders of the trial judge.  This

6  Order does not govern the use of Protected Material at trial.

7    13.    Nothing in this Order shall waive the right of either party to challenge

8  another party's designation of material as Confidential information or to seek to

9  modify or amend this Order.  Any such challenge must be brought in strict

10 compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation

11 requirement).  Notwithstanding the foregoing, and despite any dispute as to whether

12 any documents produced should be subject to the terms of the Stipulation and

13 Protective Order as a result of prior possession, the parties will continue to treat the

14 document(s) at issue as confidential and subject to this Stipulation and Protective

15 Order until the Court rules upon the dispute or until the parties reach agreement on

16 the issue, whichever comes first.

17   14.    If, upon review of such a dispute, the Court determines that the disputed

18 Confidential Documents were already in the possession of the recipient party or counsel

19 prior to the date of this Stipulation and Protective Order, or prior to such documents'

20 production in this matter, those specific documents shall not be subject to paragraph

21 19's provisions on destruction of copies, nor shall the recipient party or counsel be

22 prohibited from using those specific documents in other litigation: otherwise, the

23 remaining provisions of this Stipulation and Protective Order shall continue to apply to

24 such documents as Confidential Documents hereunder.

25   15.    The recipient parties to the above entitled action, and/or their counsel,

26 and/or their agents or the agents or employees of their counsel, shall secure and

27 maintain the confidentiality of any and all Confidential Documents in their

28 possession, and shall ensure that such Confidential Documents are used only for the

purposes set forth herein below, and for no other purpose, and subject to the terms and provisions of this Stipulation and Protective Order.

16.     Nothing in this Stipulation and Protective Order shall be construed as a waiver by any party of any right to object on any ground to the use in any proceeding, or to the admission into evidence, of any Confidential Documents. Nothing in this Stipulation and Protective Order shall be construed so as to prevent the admission of Confidential Documents into evidence at the trial of this matter solely on the basis of the documents' designation as Confidential Documents.

17.     Nothing in this Stipulation and Protective Order shall be construed as a waiver by any party of any right it would otherwise have to object to disclosing or producing any information or documents on any ground not specifically addressed in this Stipulation and Protective Order, including but not limited to objections pursuant to the California Government Code, California Evidence Code, California Penal Code, the Official Records Privilege, the federal Official Information Privilege, the federal Executive Deliberative Process Privilege, the law enforcement-investigative privilege, the attorney-client privilege, the physician-patient privilege, the therapist-patient privilege, the attorney work product protection, the taxpayer privilege, or the right to Privacy under the United States Constitution,  the California Constitution or any other applicable state or federal authority, or any other privilege against disclosure or production available under any provision of federal or California law. Nothing in this Stipulation and Protective Order shall be construed as requiring the production or disclosure of documents or information that may be or have been designated as Confidential Documents.

18.     This Stipulation and Protective Order shall not be construed as a stipulation by any party that any privilege asserted by any party regarding Confidential Documents, whether produced or disclosed or not, is applicable or valid as to such documents; however, all parties, by and through their undersigned counsel, agree to abide by the terms of this Stipulation and Protective Order and to maintain such

1   documents' confidentiality pursuant to the terms of this Stipulation and Protective
2   Order.

3       19.   Even after final disposition of this litigation, the confidentiality obligations
4   imposed by this Order shall remain in effect until a Designating Party agrees otherwise
5   in writing or a court order otherwise directs.  Final disposition shall be deemed to be the
6   later or (1) dismissal or all claims and defenses in this Action, with or without
7   prejudice; and (2) final judgment here after the completion and exhaustion of all
8   appeals, rehearings, remands, trials, or reviews of this Action, including the time limits
9   for filing any motions or applications for extension of time pursuant to applicable law,
10  all materials that were designated as confidential, as well as any other Court Ordered
11  Documents provided pursuant to this Protective Order and all copies thereof, shall be
12  destroyed and such destruction shall be confirmed by letter to the office of counsel of
13  the party to whom the materials pertain.

14      20.   If any party who receives Confidential Information receives a subpoena or
15  other request seeking Confidential Information, he, she or it shall immediately give
16  written notice to counsel for the party to whom the request pertains, identifying the
17  Confidential Information sought and the time in which production or other disclosure is
18  required, and the affected party shall, per their discretion, object to the request or
19  subpoena on the grounds of this stipulation/protective order, OR other grounds and/or
20  obtain an order barring production or other disclosure, or to otherwise respond to the
21  subpoena or other request for production or disclosure of Confidential Material. No
22  party shall be obligated to seek an order barring production of Confidential
23  Information, which obligation shall be borne by the party to whom to the privileges
24  apply. The duty is to notify. However, in no event should production or disclosure be
25  made without written approval by the affected party's counsel unless required by Court
26  Order arising from a motion to compel production or disclosure of Confidential
27  Information.  Nothing in this Stipulation and Protective Order shall be construed as
28  authorizing a party to disobey a lawful subpoena or court order issued in another action.

21.     Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation, except at trial, with which Confidential Information is included shall be subject to a motion or application, at the discretion of any desirous party, to request that the papers, or the confidential portion thereof, be placed under seal by the Court.  Such motion must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific document, and if a party's request is denied by the court, then the receiving party may file the information in the public record unless otherwise instructed by the Court.

22.     Nothing here shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

23.     The fact that the parties have entered into this stipulation does not waive any of parties' rights to challenge the designation of materials as confidential. Nevertheless, the parties understand and acknowledge that non-public materials contained within personal, financial and/or educational files and records are being provided pursuant to this Protective Order and they are to remain protected by this Order to the extent they were not publicly accessible originally. In the event there is some "good faith" disagreement as to whether certain documents and/or information provided by the parties that were labeled as "confidential" should be treated as confidential, the parties agree to make informal attempts to resolve such issues. However, to be clear, this stipulation and order in no way makes any originally publicly accessible information confidential.

24.     The Court shall maintain continuing jurisdiction over this matter to the extent necessary to enforce the terms and /or address alleged breaches of this protective order.

IT IS SO STIPULATED.

DATED:  August 2, 2016          **ENGSTROM, LIPSCOMB & LACK**


By:      /s/ Ian P. Samson
         Paul A. Traina, Esq.
         Steven J. Lipscomb, Esq.
         Ian P. Samson, Esq.
         Michael P. Lewis, Esq.
         Attorneys for Plaintiffs, JUAN CARLOS
         RODRIGUEZ AYALA, et al.


DATED:  August 2, 2016          **MANNING & KASS
                                ELLROD, RAMIREZ, TRESTER LLP**


By:      /s/ Angela M. Powell
         Eugene P. Ramirez
         Angela M. Powell
         Attorneys for Defendants, COUNTY OF
         RIVERSIDE, SERGEANT PAUL
         HERDIA and DEPUTY MIGUEL
         RAMOS

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  __August 4, 2016_____

_____
**Hon. Kenly Kiya Kato**
United States Magistrate Judge