UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-686-DOC (KKx)** | Date | April 28, 2017 |
| Title | ***Juan Carlos Rodriguez Ayala, et al. v. County of Riverside, et al.*** | | |

Present: The Honorable **KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE**

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order Granting in Part and Denying in Part Plaintiffs' Motion to Compel [Dkt. 51] and Vacating May 4, 2017 Hearing

## I.
## SUMMARY OF RULING

On April 13, 2017, Plaintiffs Juan Carlos Rodriguez Ayala, Monica Resvaloso, A. M. Rodriguez-Resvaloso, J. C. Rodriguez-Resvaloso, J. P. Rodriguez-Resvaloso, and J. T. Rodriguez Resvaloso ("Plaintiffs") filed a Motion to Compel ("Motion") and a Joint Stipulation. ECF Docket No. ("dkt.") 51. Plaintiffs sought to compel production of (1) documents and internal investigative files relating to prior use of force by defendants Deputy Miguel Ramos and Sergeant Paul Heredia; (2) personnel evaluations for the five individual defendants, Sergeant Paul Heredia, Deputy Miguel Ramos, Sergeant Jessica Vanderhoof, Investigator Nelson Gomez, and Deputy Melissa Rodriguez (the "Deputy Defendants"); and (3) documents and internal investigative files relating to the September 26, 2015 incident giving rise to this action. After meeting and conferring, Defendants have agreed to produce all documents in categories 1 and 3. Therefore, the parties have narrowed their discovery dispute to whether Defendants should be compelled to produce all personnel evaluations[1] for the five Deputy Defendants.

As set forth below, the Court (1) DENIES Plaintiffs' Motion as to categories 1 and 3 as moot; (2) GRANTS Plaintiffs' Motion as to category 2, the Deputy Defendant personnel

---

[1] In their Supplemental Brief, Plaintiffs clarify that their request is limited to personnel evaluations, rather than entire personnel files. Dkt. 52 at 5.

evaluations, in part; and (3) ORDERS Defendants to lodge the Deputy Defendants' personnel evaluations from September 26, 2010 through the present for *in camera* review before production. Following its *in camera* review, the Court will issue an order regarding production. The hearing on Plaintiffs' Motion set for May 4, 2017 is hereby VACATED.

## II.
## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action in Riverside County Superior Court on March 11, 2016. Dkt. 1 at 2. The action arises out of an incident in the early morning hours of September 26, 2015, when Plaintiff Juan Carlos Rodriguez Ayala was shot by Riverside County Sheriff's deputies and the subsequent alleged wrongful imprisonment, harassment, and intimidation of Plaintiffs. Id. The case was removed to federal court on April 12, 2016. Id.

On July 12, 2016, the Court issued a Civil Trial Scheduling Order setting a discovery cut-off of June 2, 2017 and trial for September 26, 2017. Dkt. 28. On August 4, 2016, the Court approved and entered the parties' stipulated Protective Order. Dkt. 37.

On September 14, 2016, Plaintiffs filed the operative Second Amended Complaint ("SAC") against defendants County of Riverside and Riverside County Sheriff's Department (the "Municipal Defendants") as well as the Deputy Defendants in their individual capacity (collectively, "Defendants"). Dkt. 40, SAC. The SAC sets forth the following eight causes of action: (1) Battery; (2) Negligence; (3) Violations of Civil Code section 52.1; (4) Violations of Civil Rights (42 U.S.C. § 1983), Individual Liability; (5) Violations of Civil Rights (42 U.S.C. § 1983), Entity Liability; (6) False Imprisonment; (7) Intentional Infliction of Emotional Distress; and (8) Negligent Infliction of Emotional Distress. Id.

Previously, on July 26, 2016, the Court denied Defendants' Motion to Dismiss the Monell[2] claim from Plaintiffs' First Amended Complaint ("FAC"), finding Plaintiffs sufficiently alleged the existence of the following policy, practice, and custom: "the Municipal Defendants' failure to discipline officers who engage in constitutional violations – and their efforts to cover up unconstitutional conduct – fosters a culture of excessive force and violence among its officers." Dkt. 32 at 7. The Court's finding was based on the following allegations, which are repeated in the operative SAC: (1) in January 2014, a Riverside County Sheriff's deputy involved in a shooting was exonerated after a cursory investigation, but later a lawsuit revealed an unlawful, personal motive for the shooting, and (2) five or more active-duty Riverside County Sheriff's deputies involved in shootings where Department policy was violated were not retrained, disciplined, or terminated following the shootings. FAC ¶¶ 51, 52; SAC ¶¶ 54, 55.

On April 13, 2017, Plaintiffs filed the instant Motion and Joint Stipulation. Dkt. 51, JS. Defendants argue the information sought is (a) irrelevant; (b) overbroad; (c) protected by various

---

[2] Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

privileges, including privacy, official information, and deliberative-executive process. JS at 27-45. In the event the Court compels production of the personnel evaluations, Defendants request an *in camera* review prior to production. JS at 28, 41, 45. On April 20, 2017, Plaintiffs filed a Supplemental Brief. Dkt. 52. The matter thus stands submitted.

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C-13-01770 SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1).

///
///
///
///
///

# IV.
# DISCUSSION

## A. RELEVANCE OF THE PERSONNEL EVALUATIONS

Plaintiffs argue the personnel evaluations are relevant to (a) establish a pattern of violent or negligent behavior; (b) show the Riverside County Sheriff's Department negligently or recklessly employed or supervised the Deputy Defendants; or (c) indicate what the Deputy Defendants knew or should have known at the time of the incident. JS at 25. Because they have already agreed to produce the personnel evaluations regarding prior use of force, bias, and dishonesty for defendants Heredia and Ramos, Defendants appear to argue any remaining personnel evaluations cannot be relevant to Plaintiffs' claims. Id. at 28-32. Defendants argue, "For example, it would be totally irrelevant to produce a personnel evaluation that might mention a use of force incident for a defendant deputy who did not use force in this case." Id. at 31-32.

The Court agrees with Defendants that the operative claims and specific role of each Defendant Deputy in the alleged incident need to be taken into consideration in determining the scope of relevant personnel evaluations. However, it appears Defendants have minimized or entirely discredited Plaintiffs' Monell claims in construing the scope of Plaintiffs' operative claims. A personnel evaluation mentioning a use of force incident for a deputy who did not use force in this case may be relevant to proving a pattern of failing to investigate and discipline officers for improper use of force. Therefore, the Court finds it possible there are personnel evaluations for the five Deputy Defendants that are relevant to Plaintiffs' claims, including Plaintiffs' Monell claims.

## B. DEFENDANTS' REQUEST TO LIMIT THE SCOPE OF TIME IS GRANTED IN PART

Plaintiffs' requests are not limited to any particular scope of time. See JS. Defendants argue the scope of Plaintiffs' request is overbroad as to time because (a) incidents over five years prior to the incident giving rise to the instant action are "too remote in time to have sufficient probative value"; and (b) post-incident evaluations are not relevant because (1) they "cannot logically form any part of the chain of causation the resulted in [P]laintiffs' injuries"; (2) they are "deemed inadmissible under the policy that encourages subsequent remedial measures"; and (3) "officers have a reasonable expectation of privacy in post-incident events" based on California's Pitchess protections. Id. at 32-35.

The Court is inclined to agree that personnel evaluations over five years old are likely to have little probative value and unlikely to lead to the discovery of admissible evidence. See Darraj v. Cty. of San Diego, No. 11-CV-1657-AJB (BGS), 2012 WL 5966854, at *2 (S.D. Cal. Nov. 28, 2012) (limiting discovery of personnel evaluations to three years prior to the incident at issue). Hence, the Court will limit discovery to five years prior to the incident at this time, but without prejudice.

Regarding post-incident personnel evaluations, the Court is not persuaded by Defendants' arguments, particularly in light of the District Court's discussion of the relevance of post-incident events in the Order denying Defendants' Motion to Dismiss the FAC. See Dkt. 32 at 8-9 (citing Henry v. Cty. of Shasta, 132 F.3d 512, 519 (9th Cir. 1997), opinion amended on denial of reh'g, 137 F.3d 1372 (9th Cir. 1998) (holding "post-event evidence is not only admissible for purposes of proving the existence of a municipal defendant's policy or custom, but is highly probative with respect to that inquiry")). Hence, the Court declines to limit disclosure of post-incident personnel evaluations.

C.  **DEFENDANTS HAVE NOT MADE A SUBSTANTIAL THRESHOLD SHOWING THAT THE OFFICIAL INFORMATION PRIVILEGE APPLIES TO PROTECT THE PERSONNEL EVALUATIONS FROM DISCLOSURE**

"Federal common law recognizes a qualified privilege for official information." Sanchez v. City of Santa Ana, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing Kerr v. U.S. Dist. Court for N. Dist. of California, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394, 96 S. Ct. 2119, 48 L. Ed. 2d 725 (1976)). The discoverability of official documents should be determined under the "balancing approach that is moderately pre-weighted in favor of disclosure." Kelly v. City of San Jose, 114 F.R.D. 653, 661 (N.D. Cal. 1987). The party asserting the privilege must properly invoke the privilege by making a "substantial threshold showing." Id. at 669. The party must file an objection and submit a declaration or affidavit from a responsible official with personal knowledge of the matters attested to by the official. Id. "The affidavit or declaration must include (1) an affirmation that the agency has generated or collected the requested material and that it has maintained its confidentiality, (2) a statement that the material has been personally reviewed by the official, (3) a description of the governmental or privacy interests that would be threatened by disclosure of the material to the plaintiff or plaintiff's attorney, (4) a description of how disclosure *under a protective order* would create a substantial risk of harm to those interests, and (5) a projection of the harm to the threatened interest or interests if disclosure were made." Bosley v. Valasco, No. 1:14-CV-00049-MJS (PC), 2016 WL 1704159, at *5 (E.D. Cal. Apr. 28, 2016), modified, 2016 WL 2756590 (E.D. Cal. May 12, 2016) (emphasis added) (citing Kelly, 114 F.R.D. at 670).

Defendants offer declarations of Lieutenants Mark Bostrom and Jacqueline Horton of the Riverside County Sheriff's Department in support of their Opposition. Dkt. 51-3, Declaration of Michael R. Watts in support of Defendants' Opposition ("Watts Decl."), Ex. 2 (Declaration of Mark Bostrom ("Bostrom Decl.")), Ex. 3 (Declaration of Jacqueline Horton ("Horton Decl.")). Bostrom and Horton explain how personnel files are generated and maintained and that they have reviewed the information sought by Plaintiffs in this action. Bostrom Decl., ¶¶ 1-3; Horton Decl., ¶¶ 1-3. Bostrom and Horton go on to describe the governmental interests that would be threatened by disclosure of the personnel evaluations to the public – disclosure of "personnel file information generally, can disrupt the vital day-to-day operations of the Department; erode the integrity and security of the files; affect the morale of Departmental personnel; and frustrate the legitimate purpose of gathering the information in the files." Bostrom Decl., ¶ 6; Horton Decl.,

¶ 6. In addition, Bostrom and Horton claim "disclosure of any Internal Affairs investigation would inhibit the Department's ability to frankly engage in self-critical analysis." Bostrom Decl., ¶ 8; Horton Decl., ¶ 8.

Plaintiffs argue that in light of the protective order entered in this action, Defendants' privilege concerns are unfounded and outweighed by Plaintiffs' need for the information. JS at 27; Suppl. at 6.

First, it is unclear to the Court whether and to what extent Internal Affairs investigative information is included in personnel evaluations. Second, to the extent Internal Affairs information is included in the personnel evaluations sought to be disclosed, the fear that disclosure of internal affairs investigations would likely result in reduced participation by officers has no empirical basis. Kelly, 114 F.R.D. at 664 ("no empirical study supports the contention that the possibility of disclosure would make officers who participate (as respondents or as investigators) in internal affairs investigations less honest," and "in the absence of special circumstances proved by law enforcement defendants, courts should ascribe little weight to a police department's purported interest in preserving the anonymity of citizen complainants."). Finally, Defendants outline the potential harm of disclosure of personnel files to the public, but do not explain how disclosure of any of the personnel evaluations subject to a protective order would create a substantial risk of harm to these governmental interests. See Bosley, 2016 WL 1704159, at *7.

The Court finds disclosure of the Deputy Defendants' personnel evaluations subject to the protective order already issued in this case will not harm the generally asserted governmental interest in confidentiality of performance evaluations. See Kelly, 114 F.R.D. at 662 ("[I]t is important to emphasize that in many situations what would pose the threat to law enforcement interests is disclosure to the public generally, not simply to an individual litigant and/or her lawyer."); Darraj v. Cty. of San Diego, No. 11-CV-1657-AJB (BGS), 2012 WL 5966854, at *4 (S.D. Cal. Nov. 28, 2012). Hence, the Court denies Defendants' request to preclude disclosure of personnel evaluations based on the official information privilege.

D. **IN ORDER TO BALANCE FEDERAL PRIVACY CONCERNS, THE COURT WILL REVIEW THE PERSONNEL EVALUATIONS *IN CAMERA* BEFORE COMPELLING PRODUCTION**

Federal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests. See Breed v. United States Dist. Ct. for Northern District, 542 F.2d 1114, 1116 (9th Cir. 1976) (balancing the invasion of minor's privacy rights against the court's need for ward files); Johnson by Johnson v. Thompson, 971 F.2d 1487, 1497 (10th Cir. 1992), cert. den. 507 U.S. 910, 113 S. Ct. 1255, 122 L. Ed. 2d 654 (1993) (denying discovery of names of participants in a medical study due to privacy interests of the individual participants); Cook v. Yellow Freight Sys., Inc., 132 F.R.D. 548, 550–51 (E.D. Cal. 1990) (balancing targeted individual's right of privacy against public's need for discovery in employment discrimination case).

In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential and should be given "some weight." Kelly, 114 F.R.D. at 656; Denver Policemen's Protective Ass'n. v. Lichtenstein, 660 F.2d 432, 435 (10th Cir. 1981). However, the right to privacy is not absolute and can be outweighed. Roettgen v. Foston, No. 13-CV-1101-GPC-BGS, 2016 WL 4720059, at *1 (S.D. Cal. Sept. 9, 2016). The privacy rights in police files "must be balanced against the great weight afforded to federal law in civil rights cases against police departments." Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995).

Here, Defendants request, in the event the Court grants Plaintiffs' Motion, that the Court issue an order undertaking an *in camera* review of the information subject to disclosure and to then determine what information, if any, should be released. See Bosley, 2016 WL 1704159, at *7. In order to balance the Deputy Defendants' privacy rights, as well as the privacy rights of third parties, the Court grants Defendants' request to conduct an *in camera* review of the Deputy Defendants' personnel evaluations before ordering production.

## V.
## CONCLUSION

**IT IS THEREFORE ORDERED** that:

1. Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART as follows:

   a. Plaintiffs' motion to compel is DENIED as MOOT as to the following categories: (i) documents and internal investigative files relating to prior use of force by defendants Deputy Miguel Ramos and Sergeant Paul Heredia; and (ii) documents and internal investigative files relating to the September 26, 2015 incident giving rise to this action.

   b. Plaintiffs' motion to compel the Deputy Defendants' personnel evaluations is GRANTED in PART as set forth above.

2. Defendants shall submit unredacted copies of the Deputy Defendants' personnel evaluations from September 25, 2010 through the present to the Court for an *in camera* review **within seven (7) days** from the date of this Order.

3. The hearing on Plaintiffs' Motion set for May 4, 2017 is VACATED.

**IT IS SO ORDERED.**