UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 16-686-DOC (KKx)** | Date | July 12, 2017 |
| Title | *Juan Carlos Rodriguez Ayala, et al. v. County of Riverside, et al.* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   Order Denying Plaintiffs' Motion to Compel [Dkt. 68]**

### I.
### INTRODUCTION

On June 22, 2017, Plaintiffs Juan Carlos Rodriguez Ayala, Monica Resvaloso, A. M. Rodriguez-Resvaloso, J. C. Rodriguez-Resvaloso, J. P. Rodriguez-Resvaloso, and J. T. Rodriguez-Resvaloso ("Plaintiffs") filed a Motion to Compel ("Motion") two spreadsheets from defendants County of Riverside, Riverside County Sheriff's Department, Sergeant Paul Heredia, Deputy Miguel Ramos, Sergeant Jessica Vanderhoof, Investigator Nelson Gomez, and Deputy Melissa Rodriguez ("Defendants"). ECF Docket No. ("Dkt.") 68, Joint Stipulation ("JS"). On June 22, 2017, Defendants filed an Opposition, along with supporting declarations and a copy of the two spreadsheets, under seal for *in camera* review. Dkt. 66 (unredacted documents filed under seal); Dkt. 69 (June 29, 2017 Order granting leave to file under seal). On June 29, 2017, Plaintiffs filed a supplemental brief. Dkt. 70. For the reasons set forth below, Plaintiffs' Motion to Compel is DENIED.

### II.
### RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs initiated this action in Riverside County Superior Court on March 11, 2016. Dkt. 1 at 2. The action arises out of an incident in the early morning hours of September 26, 2015, when Plaintiff Juan Carlos Rodriguez Ayala was shot by Riverside County Sheriff's

deputies and the subsequent alleged wrongful imprisonment, harassment, and intimidation of Plaintiffs.  Id.

On April 12, 2016, the case was removed to federal court.  Id.

On July 12, 2016, the Court issued a Civil Trial Scheduling Order setting a discovery cut-off of June 2, 2017 and trial for September 26, 2017.  Dkt. 28.

On August 4, 2016, the Court approved and entered the parties' stipulated Protective Order.  Dkt. 37.

On September 14, 2016, Plaintiffs filed the operative Second Amended Complaint ("SAC").  Dkt. 40, SAC.  The SAC sets forth the following eight causes of action: (1) Battery; (2) Negligence; (3) Violations of section 52.1 of the California Civil Code; (4) Violations of Civil Rights (42 U.S.C. § 1983), Individual Liability; (5) Violations of Civil Rights (42 U.S.C. § 1983), Entity Liability; (6) False Imprisonment; (7) Intentional Infliction of Emotional Distress; and (8) Negligent Infliction of Emotional Distress.  Id.

Previously, on July 26, 2016, the Court denied Defendants' Motion to Dismiss the Monell[1] claim from Plaintiffs' First Amended Complaint ("FAC"), finding Plaintiffs sufficiently alleged the existence of the following policy, practice, and custom: "the Municipal Defendants' failure to discipline officers who engage in constitutional violations – and their efforts to cover up unconstitutional conduct – fosters a culture of excessive force and violence among its officers."  Dkt. 32 at 7.

On March 31, 2017, Plaintiffs served a Third Request for Production of Documents on Defendant County of Riverside.  Dkt. 68-1, Declaration of Ian P. Samson ("Samson Decl."), ¶ 3, Ex. 2.  Plaintiffs requested the following four categories of documents:

(1) Request for Production No. 41: Any and all DOCUMENTS that REFLECT the number of deputy-involved shootings involving the Riverside County Sheriff's Department in the past ten years.
(2) Request for Production No. 42: Any and all DOCUMENTS that RELATE TO statistical data or analyses of deputy-involved shootings involving the Riverside County Sheriff's Department in the past ten years.
(3) Request for Production No. 43: Any and all DOCUMENTS that RELATE TO deputy-involved shootings involving the Riverside County Sheriff's Department that occurred on tribal land in the past ten years.
(4) Request for Production No. 44: Any and all DOCUMENTS that RELATE TO deputy-involved shootings within the Riverside County Sheriff's Department

---

[1] Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

in which a shooting deputy had previously discharged his or her weapon in relation to at least one prior deputy-involved shooting.

Id.

On May 1, 2017, Defendant County of Riverside served responses to Plaintiff's Third Request for Production of Documents, a privilege log, and a Declaration of Lt. Jaqueline Horton. Id. ¶ 4, Ex. 3. Defendant County of Riverside objected to Requests for Production Nos. 41 through 44 on the following grounds: (a) law enforcement privileges, including the federal law enforcement investigative privilege, federal executive-deliberative process and official information privileges, and federal and state constitutional rights to privacy; (b) attorney-client and attorney work product privileges; (c) vague, overbroad, and compound; and (d) relevance. Id.; see also JS at 9-13.

Throughout May 2017, counsel for both parties met and conferred in person, telephonically, and via email regarding Requests for Production Nos. 41 through 44. Samson Decl., ¶ 6. Plaintiffs agreed to narrow Requests for Production Nos. 41 through 44 and Defendants agreed to search instead for "any compilation, analysis, recommendation, or other like documents concerning officer-involved shootings." Id. ¶ 7.

On May 25, 2017, the Court granted the parties' stipulation to continue the discovery cut-off until June 16, 2017 with respect to certain limited discovery, including the "[c]ontinuation of the 30(b)(6) deposition that began on May 11, 2017, for any further designee(s) appointed by the County." Dkt. 59 at 2.

On June 12, 2017, Plaintiff took the deposition of Lieutenant Mark Bostrom, who was produced as the Rule 30(b)(6) designee for defendant County of Riverside on the following topics: (1) any report or recommendation based upon statistical shooting data generated by Riverside County Sheriff's Department within the past ten years; (2) the number of officer-involved shootings that have occurred within the Riverside County Sheriff's Department within the past ten years; and (3) any discipline pertaining to the September 26, 2015 shooting that forms the basis of the present litigation. Samson Decl., ¶ 11; see also id. at Ex. 5. At his deposition, Lt. Bostrom identified two spreadsheets of "actual data related to officer-involved shootings." Id. at Ex. 5; JS at 9 (both spreadsheets "contain raw data regarding officer involved shootings"). According to Lt. Bostrom, one spreadsheet contains "the PERS number," "the homicide unit file number," "the deputy's name," the location, the suspect's name, weapons used, and "various other data that's pulled from the personnel investigation and the criminal investigation." Samson Decl., Ex. 5. However, it does not contain the "ultimate outcome of the investigation." Id. Lt. Bostrom only responded to foundational questions regarding the existence of the second spreadsheet.[2] Id.

---

[2] In his declaration filed in support of Defendants' opposition, Lt. Bostrom describes the spreadsheets as "versions" of each other summarizing the same information – "the officer-involved shootings occurring in Riverside over the past 10 years and beyond." Dkt. 65-6, redacted version of Bostrom Decl., ¶¶ 2-3.

On June 15, 2017, the Court granted the parties' stipulation to modify the discovery schedule in order to permit Plaintiffs leave to file the instant Motion to Compel. Dkt. 62.

On June 22, 2017, Plaintiffs filed the instant Motion to Compel the two spreadsheets identified by Lt. Bostrom at his deposition. Dkt. 68. On June 22, 2017, Defendants filed an Opposition, along with supporting declarations and a copy of the two spreadsheets, under seal for *in camera* review. Dkts. 66, 69. On June 29, 2017, Plaintiffs filed a supplemental brief. Dkt. 70. The matter thus stands submitted.

## III.
## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Relevant information "need not be admissible in evidence to be discoverable." Id. A court "must limit the frequency or extent of discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).

"The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." Bluestone Innovations LLC v. LG Elecs. Inc., No. C -13-01770-SI (EDL), 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). In addition, "[r]elevancy alone is no longer sufficient to obtain discovery, the discovery requested must also be proportional to the needs of the case." Centeno v. City of Fresno, No. 1:16-CV-653 DAD SAB, 2016 WL 7491634, at *4 (E.D. Cal. Dec. 29, 2016) (citing In re Bard IVC Filters Prod. Liab. Litig., 317 F.R.D. 562, 564 (D. Ariz. 2016)).

Rule 37(a)(1) permits a party to move for an order compelling discovery, upon certification that the movant has in good faith conferred or attempted to confer with the opposing party in an effort to obtain the requested discovery without court action. Fed. R. Civ. P. 37(a)(1).

///

# IV.
# DISCUSSION

After *in camera* review, the Court finds that the spreadsheets contain information that is only marginally, if at all, relevant to Plaintiffs' claims at this stage in the litigation.

First, the information in the spreadsheets summarizing certain information regarding all officer-involved shootings for the past ten years is overbroad and not narrowly tailored to Plaintiffs' claim that Defendant County of Riverside fails to discipline its officers for use of excessive force. See Nehad v. Browder, No. 15-CV-1386-WQH-NLS, 2016 WL 2745411, at *8 (S.D. Cal. May 10, 2016), reconsideration denied, 2016 WL 3769807 (S.D. Cal. July 15, 2016) ("Plaintiffs' requests that seek all documents related to officer-involved shootings are overbroad because they do not seek information tailored to their claims that the investigation procedures are inadequate."). While a small fraction of the material sought would answer the question of the number of officer-involved shootings by Riverside County Sheriff's deputies over the past ten years, this information has already been made available. Specifically, Plaintiffs previously deposed Lt. Bostrom on this subject and, if they have not already, could have easily obtained the number of shootings by interrogatory. See Sanchez v. City of Santa Ana, 936 F.2d 1027 (9th Cir. 1990) (holding no prejudice from denial of discovery of police personnel records because discovery of actual documents was not "necessary" where all relevant statistical information could have been discovered through interrogatories). In addition, the information identified by Lt. Bostrom as being contained in the spreadsheets (i.e., the names of the involved officers and suspects, the locations and dates of the shootings, the weapons used) and the "various other data" he refers to that the Court has now reviewed *in camera*, is not relevant to Plaintiffs' Monell claim regarding covering up and failing to discipline use of excessive force because the spreadsheets do not contain information regarding the "ultimate outcome of the investigation[s]." See Samson Decl., Ex. 5. The Court acknowledges the spreadsheets might identify officers involved in multiple shootings, which could potentially lead to further investigation regarding the outcomes of the investigations. However, at this late stage in the litigation – a month after discovery has closed and only two months before trial – it is unclear what Plaintiffs could prove with only the names of officers involved in shootings that do not even necessarily involve use of excessive force.[3]

Moreover, the Court finds the various privacy concerns set forth in Lt. Bostrom's declaration weigh in favor of denying disclosure. "Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995). "Resolution of a privacy objection or request for a protective order requires a balancing of the need for the information sought against

---

[3] Plaintiffs previously represented to the Court they understood the discovery deadline had passed, but they were not seeking to reopen discovery based on production of the spreadsheets. See Dkt. 61, Stipulation seeking leave to file Motion to Compel. Therefore, had the documents been produced as requested in May 2017, it is unclear to the Court what Plaintiffs could use the spreadsheets to prove only weeks before the close of discovery.

the privacy right asserted." Id. "In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential." Id. (citing Kelly v. City of San Jose, 114 F.R.D. 653, 660 (N.D. Cal. 1987)).

Finally, Rule 26 requires the discovery be proportional to the needs of the case, including balancing "the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, in light of the limited relevance of the information balanced against the burden of production on the privacy rights of non-parties, the Court finds the discovery sought does not meet the proportionality requirement of Rule 26.[4]

## V.
## ORDER

For the reasons set forth above, Plaintiffs' Motion to Compel disclosure of the two spreadsheets identified by Lt. Bostrom is DENIED.

**IT IS SO ORDERED.**

---

[4] The Court declines to discuss or rule on Defendants' various law enforcement privilege objections, because the salient facts necessary for the Court to engage in the balancing process have been redacted from Defendants' Opposition and Lt. Bostrom's declaration and were only made available to the Court for *in camera* review. See Edwards v. Cty. of Los Angeles, No. CV 08-07428-GAF (SSx), 2009 WL 4707996, at *4 (C.D. Cal. Dec. 9, 2009).